**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4238

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAFEEQ MUHAMMAD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:06-cr-00013-MR-WCM-1)

Submitted:  December 12, 2024                    Decided:  December 19, 2024

Before GREGORY, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Matthew C. Joseph, LAW OFFICE OF MATTHEW C. JOSEPH PLLC, Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, Shafeeq Ameer Malik Muhammad pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. The district court sentenced Muhammad to 190 months of imprisonment followed by four years of supervised release. After his release from incarceration, the district court twice revoked Muhammad's supervised release for violating the conditions of his supervision. After the second revocation, the court imposed a 12-month term of supervised release, including a condition requiring Muhammad to spend the first six months of that term in a halfway house and comply with the program's rules.

Shortly after his release, Muhammad's probation officer filed a petition for revocation of his supervised release for failing to complete six months in the halfway house and failing to notify his probation officer of a change in his address within 72 hours. Following a hearing, the district court found Muhammad had violated the terms of his supervised release. The court revoked his supervised release and sentence Muhammad to 12 months and one day of imprisonment, with no further term of supervision to follow. Muhammad now appeals. On appeal, Muhammad argues that the district court abused its discretion in revoking his supervised release.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "This standard requires only that the existence of a fact be more probably than its

2

nonexistence." *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (internal quotation marks omitted).

Our review of the record leads us to conclude that the district court did not abuse its discretion in finding by a preponderance of the evidence that Muhammad violated the terms of his supervised release. With respect to the requirement that Muhammad spend six months in a halfway house, although Muhammad submitted to the halfway house, he failed to abide by the rules of the program and was discharged from the halfway house after a week. Moreover, after leaving the halfway house, Muhammad failed to communicate with his probation officer or advise his probation officer of where he was staying for over two months. The district court thus properly found that Muhammad violated both terms of his supervised release.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*